# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., et al.,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC)<br><br>(Jointly Administered) |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>              Plaintiff,<br><br>v.<br><br>SMC Global Ventures, LLC, a Wyoming limited liability company,<br><br>              Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 548 AND 550**

Plaintiff Gavin/Solmonese, LLC, Liquidation Trustee (the "Liquidation Trustee") for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (collectively, the "Debtors" and each a "Debtor"), by and through its undersigned attorneys, files this complaint (the "Complaint") to avoid and recover certain

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

{12058-001 CMP A0474555.DOCX}

transfers against SMC Global Ventures (the "Defendant"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(b) and the Confirmation Order (defined below).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. On June 19, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned jointly administered cases.

5. On February 23, 2017, the Court entered an order (the "Confirmation Order") confirming the *Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") which vested substantially all of the Debtors' tangible and intangible assets of the Debtors in the Liquidation Trustee. See Case No. 15-11323 (KJC), D.I. 517.

6. The Plan became effective on March 9, 2017. Pursuant to the Confirmation Order and the Plan, the Liquidation Trustee has the exclusive authority and discretion to investigate, file and prosecute this cause of action.

7. Defendant is limited liability company organized under the laws of the State of Wyoming.

**FACTS**

8. The Debtors provided a range of fluid management services to oil and gas producers, including the safe, controlled disposal of flowback and produced water. The Debtors operated in the Bakken Shale region of North Dakota and Montana. The Debtors' saltwater disposal facility (the "Pembroke Facility") was available for saltwater and incidental non-hazardous oil and gas waste disposal. The Debtors also removed and sold the trace amount of oil that remains in the water disposed at the Pembroke Facility.

9. Prior to the Petition Date, the Debtors, as fluid management service providers to oil and gas producers, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received and/or delivered goods and services to vendors, creditors, suppliers and distributors. The Debtors paid for those goods and services to facilitate their business.

10. The Debtors utilized a largely centralized cash management system (the "Cash Management System") to collect and transfer funds from numerous sources and accounts and disburse funds to satisfy obligations arising from the daily operations of their businesses prior to the Petition Date.

11. According to the Debtors' Cash Management System, during the two (2) years prior to the Petition Date, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise, to certain entities.

12.     According to the Liquidation Trustee's analysis of all readily available information, the Liquidation Trustee has determined that the Debtors transferred interests in the Debtors' property to or for the benefit of the Defendant in the amount of One Hundred Ten Thousand Eighty-Six Dollars and Forty-Eight Cents ($110,086.48) (the "Transfers"), the Debtors received less than reasonably equivalent value in exchange for the Transfers, and the Debtors were insolvent on the date the Transfer(s) was made or became insolvent as a result of such Transfers.

13.     The details of each Transfer, identified by the respective Debtor, the clear date and the amount, are set forth on Exhibit A attached hereto and incorporated by reference herein.

14.     The Liquidation Trustee reserves the right to amend this Complaint including, but not limited to, information regarding the Defendant, additional Transfers, additional causes of action, and additional defendants.

## CLAIMS FOR RELIEF

## COUNT I

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)**

15.     The Liquidation Trustee repeats and re-alleges the foregoing allegations as if fully set forth herein.

16.     The respective Debtor received less than a reasonably equivalent value in exchange for the Transfers.

17.     The Transfers either: (a) were made while the respective Debtor or Debtors were insolvent or caused the respective Debtor or Debtors to become insolvent as a result of such transfers; (b) left the respective Debtor or Debtors with unreasonably

small capital; and/or (c) were made while the respective Debtor or Debtors intended to incur, or believed that it had incurred, debts that it would not be able to pay as they became due.

18. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548.

## COUNT II

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

19. The Liquidation Trustee repeats and re-alleges the foregoing allegations as if fully set forth herein.

20. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of the initial transferee of the Transfers.

21. The value of the Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 548, may be recovered by the Liquidation Trustee pursuant to 11 U.S.C. § 550.

## PRAYER FOR RELIEF

WHEREFORE, the Liquidation Trustee respectfully requests that this Court enter a judgment in its favor and against the Defendant as follows:

A. Finding that all Transfers are avoidable pursuant to 11 U.S.C. § 548 in the amount of One Hundred Ten Thousand Eighty-Six Dollars and Forty-Eight Cents ($110,086.48) and are avoided;

B. Finding that all Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, be recovered by the Liquidation Trustee pursuant to 11 U.S.C. § 550;

C.      Entering judgment against Defendant in the amount of One Hundred Ten Thousand Eighty-Six Dollars and Forty-Eight Cents ($110,086.48);

D.      Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

E.      Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F.      Ordering the Defendant to pay the judgment amount, plus pre- and post-judgment interest, awarded in favor of the Liquidation Trustee; and

G.      Granting Liquidation Trustee such other and further relief as the Court deems just and proper.

Dated:  June 19, 2017

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Thomas M. Horan
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*